IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES H. MURRAY,     PLAINTIFF
ADC # 91715

v.     4:16CV00619-JM-JJV

DOC HOLLADAY, Sheriff,
Pulaski County; *et al.*     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.   BACKGROUND

James H. Murray ("Plaintiff") was an inmate of the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), and he has filed this action *pro se* and pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He alleges that Nurse Donna Thompson at the Pulaski County Regional Detention Facility (PCRDF) violated his constitutional rights by failing to adequately diagnose and treat his injuries after Plaintiff fell four and one-half feet onto the left side of his head and broke his collar bone. (*Id*. at 4-5.)

Nurse Thompson has now filed a Motion for Summary Judgment, Brief in Support and Statement of Facts. (Doc. Nos. 44-46.) She seeks summary dismissal based on Plaintiff's failure to exhaust his administrative remedies. (*Id.*) Plaintiff has responded and opposes the Motion. (Doc. No. 51.) After careful review of the pleadings, I find the Motion should be GRANTED.

### II.   SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Dulany v. Carnahan,* 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Webb v. Lawrence County,* 144 F.3d 1131, 1134 (8th Cir. 1998) (citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 1135 (citations omitted). Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Id*.

**III.   ANALYSIS**

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies, prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See Id*.

In support of her Motion for Summary Judgment, Defendant Thompson has provided the Affidavit of Nancy Brawley, the Administrative Sergeant and Grievance Officer. (Doc. No. 45-2.) Sergeant Brawley's Affidavit explains the Jail grievance policy - PCRDF Branch Directive DO5-

3


0001. (*Id.* at 1-2.) Defendant has also included a copy of this policy. (*Id.* at 4-19.) Of important note, the policy requires an inmate to file a grievance within fifteen days of an incident. (*Id.* at 7.)

In this particular case, Sergeant Brawley states, "Murray did not file any grievances relating to the facts in this Complaint during his incarceration at the PCRDF. Murray has not properly exhausted his administrative remedies through the PCRDF Inmate Grievance Procecure." (*Id.* at 2.) Additionally, Sergeant Brawley says, "Murray is familiar with the grievance policy at the PCRDF, and has filed at least ten grievances during his incarceration at the PCRDF, copies of which are in his jail file." (*Id.*)

I have also considered Plaintiff's argument that, since he was actually an Arkansas Department of Correction inmate and "under the ADC jurisdiction," Defendant's Motion is "moot." (Doc. 51 at 2.) I find Plaintiff's argument to be unpersuasive. The statute states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Regardless of who was Mr. Murray's custodian, the available administrative remedies were through the PCRDF. Therefore, Mr. Murray was required to exhaust those remedies prior to filing his lawsuit. *Id.*

After review of the pleadings, I find there is no dispute of material fact here. Mr. Murray did not file a single grievance about the events in his Complaint. Therefore, he failed to exhaust his administrative remedies as required by the PCRDF policy and the PLRA. So, as a matter of law, Plaintiff's Complaint against Defendant Thompson should be dismissed without prejudice for failure to exhaust administrative remedies.

## IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendant Thompson's Motion for Summary Judgment (Doc. No. 44) be GRANTED and Defendant Thompson and this cause of action be DISMISSED without prejudice.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

IT IS SO RECOMMENDED this 6th day of February, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE